UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OFFICE DEPOT, INC. and OCS
ACQUISITION CORP.,

   Plaintiffs,

*vs*.

ROGER POST,

   Defendant.

ROGER POST and W.B. MASON
COMPANY, INC.,

   Counterclaim Plaintiffs,

*vs*.

OFFICE DEPOT, INC. and OCS
ACQUISITION CORP.,

   Counterclaim Defendants.

O7 CIV. 2871 (DLC)

## **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND AND COUNTERCLAIM PLAINTIFFS' COUNTERCLAIM AND JURY DEMAND**

  NOW COMES Defendant Roger Post ("Defendant" or "Post") and answers the allegations of the Complaint filed against him by Plaintiffs Office Depot, Inc. ("Office Depot") and OCS Acquisition Corp. ("OCS")(collectively the "Plaintiffs") as follows:

### **First Defense**

  In response to the numbered paragraphs of the Complaint, Defendant states as follows:

  1. Defendant admits the allegations of paragraph 1 of the Complaint, upon information and belief.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations of paragraph 2 of the Complaint and, therefore, denies these allegations.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion, to which no response is required.  To the extent Defendant is required to respond to these allegations, Defendant denies the allegations of paragraph 4 of the Complaint, except that Defendant admits that Plaintiffs have accurately quoted certain words that appear in an agreement dated May 16, 2006 and entitled, "Non-competition, Confidentiality and Inventions Agreement."

5. Upon information and belief, Defendant admits the allegations of paragraph 5 of the Complaint.

6. In response to the allegations of paragraph 6 of the Complaint, Defendant admits that on or about May 16, 2006, Office Depot acquired the business of Allied Office Supplies. Except as specifically admitted by the foregoing, Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations of paragraph 6 of the Complaint and, therefore, denies these allegations.

7. In response to the allegations of paragraph 7 of the Complaint, Defendant admits that a true copy of an agreement that Defendant signed on or about May 16, 2006 is attached to the Complaint as Exhibit 1, which speaks for itself.  Except as expressly admitted by the foregoing, Defendant denies the allegations of paragraph 7 of the Complaint.

8. In response to the allegations of paragraph 8 of the Complaint, Defendant admits that this paragraph accurately quotes certain words in the agreement attached as Exhibit 1 to the

Complaint. Defendant is without knowledge or information to form a belief as to whether this statement is or was true and, therefore, denies same.

9. In response to the allegations of paragraph 9 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of these allegations, and therefore denies these allegations. Defendant has been unable to locate a copy of the SPA if, in fact, he was ever provided a copy.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

11. In response to the allegations of paragraph 11 of the Complaint, Defendant admits only that he received certain payments from Allied Office Supplies (or affiliates) that were due to him. Except as expressly admitted by the foregoing, Defendant denies the allegations of paragraph 11 of the Complaint.

12. The allegations of paragraph 12 of the Complaint purport only to characterize or paraphrase provisions of the agreement attached to the Complaint and do not require a response. To the extent these allegations require a response, Defendant denies the allegations of paragraph 12 of the Complaint.

13. In response to the allegations of paragraph 13 of the Complaint, Defendant denies that these allegations give a full or accurate quote of the provision in the agreement attached to the Complaint. Moreover, the allegations of paragraph 13 of the Complaint purport only to characterize or paraphrase provisions of the agreement attached to the Complaint and do not require a response. To the extent these allegations require a response, Defendant denies the allegations of paragraph 13 of the Complaint.

14. In response to the allegations of paragraph 14 of the Complaint, Defendant denies that these allegations give a full or accurate quote of the provision in the agreement attached to

the <u>Complaint</u>. Moreover, the allegations of paragraph 14 of the <u>Complaint</u> purport only to characterize or paraphrase provisions of the agreement attached to the <u>Complaint</u> and do not require a response. To the extent these allegations require a response, Defendant denies the allegations of paragraph 14 of the <u>Complaint</u>.

15. The allegations of paragraph 15 of the <u>Complaint</u> purport only to characterize or paraphrase provisions of the agreement attached to the <u>Complaint</u> and do not require a response. To the extent these allegations require a response, Defendant denies the allegations of paragraph 15 of the <u>Complaint</u>.

16. The allegations of paragraph 16 of the <u>Complaint</u> purport only to characterize or paraphrase provisions of the agreement attached to the <u>Complaint</u> and do not require a response. To the extent these allegations require a response, Defendant denies the allegations of paragraph 16 of the <u>Complaint</u>.

17. The allegations of paragraph 17 of the <u>Complaint</u> purport only to characterize or paraphrase provisions of the agreement attached to the <u>Complaint</u> and do not require a response. To the extent these allegations require a response, Defendant denies the allegations of paragraph 17 of the <u>Complaint</u>.

18. The allegations of paragraph 18 of the <u>Complaint</u> purport only to characterize or paraphrase provisions of the agreement attached to the <u>Complaint</u> and do not require a response. To the extent these allegations require a response, Defendant denies the allegations of paragraph 18 of the <u>Complaint</u>. To the extent these allegations purport to state a legal conclusion, or to suggest that Plaintiffs would not have to prove actual or immediately threatened damage, or that Plaintiffs would not have to satisfy all other requirements of law to obtain an injunction, Defendant denies these allegations.

19. In response to the allegations of paragraph 19, Defendant denies the allegations that Plaintiffs did not consent to an amendment, waiver or other modification of the terms of the agreement. The remaining allegations of paragraph 19 of the <u>Complaint</u> purport only to characterize or paraphrase provisions of the agreement attached to the <u>Complaint</u> and do not require a response. To the extent these allegations require a response, Defendant denies the allegations of paragraph 19 of the <u>Complaint</u>.

20. In response to the allegations of paragraph 20 of the <u>Complaint</u>, Defendant denies that he went to work for W.B. Mason on or about January 19, 2007 and Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies these allegations.

21. In response to the allegations of paragraph 21 of the <u>Complaint</u>, Defendant admits that WB Mason was a competitor of Allied in certain geographic areas and is a competitor of Office Depot in certain geographic areas in the market for office products sold to businesses. Defendant is without knowledge or information sufficient to form a belief as to the allegation that WB Mason was or is a competitor in the "market for office . . . services" because this term is undefined and Defendant does not know what Plaintiffs intend by this term.  Except as expressly admitted by the foregoing, Defendant denies the allegations of paragraph 21 of the <u>Complaint</u>.

22. In response to the allegations of paragraph 22 of the <u>Complaint</u>, Defendant admits that he received a letter from Office Depot dated January 19, 2007 at some point after that date. As to the contents of that letter, Defendant states that the letter speaks for itself.  The allegations of paragraph 22 of the <u>Complaint</u> purport only to characterize or paraphrase the letter and do not require a response. To the extent these allegations require a response, Defendant denies the

allegations of paragraph 22 of the <u>Complaint</u>. Except as expressly admitted by the foregoing, Defendant denies the allegations of paragraph 22 of the <u>Complaint</u>.

23. Defendant admits the allegation of paragraph 23 of the <u>Complaint</u>.

24. Defendant admits the allegation of paragraph 24 of the <u>Complaint</u> on information and belief.

25. Defendant denies the allegations of paragraph 25 of the <u>Complaint</u>.

26. In response to the allegations of paragraph 26 of the <u>Complaint</u>, Defendant repeats and incorporates by reference his responses to all the preceding paragraphs of the <u>Complaint</u>.

27. Defendant denies the allegations of paragraph 27 of the <u>Complaint</u>.

28. Defendant denies the allegations of paragraph 28 of the <u>Complaint</u>.

29. Defendant denies the allegations of paragraph 29 of the <u>Complaint</u>.

30. Defendant denies the allegations of paragraph 30 of the <u>Complaint</u>.

31. Defendant denies the allegations of paragraph 31 of the <u>Complaint</u>.

32. Defendant denies the allegations of paragraph 32 of the <u>Complaint</u>.

33. In response to the allegations of paragraph 33 of the <u>Complaint</u>, Defendant repeats and incorporates by reference his responses to all the preceding paragraphs of the <u>Complaint</u>.

34. Defendant denies the allegations of paragraph 34 of the <u>Complaint</u>.

35. Defendant denies the allegations of paragraph 35 of the <u>Complaint</u>.

36. Defendant denies the allegations of paragraph 36 of the <u>Complaint</u>.

37. Defendant denies the allegations of paragraph 37 of the <u>Complaint</u>.

38. Defendant denies the allegations of paragraph 38 of the <u>Complaint</u>.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

## Second Defense

The Complaint fails to state a claim against Defendant upon which relief may be granted.

## Third Defense

Defendant is an intended third-party beneficiary of a contract between Plaintiffs and WB Mason dated as of February 8, 2007, or is otherwise entitled to the benefits of the terms thereof, the express terms of which permit Defendant to work for WB Mason and perform the services for WB Mason which he has performed.

## Fourth Defense

Defendant's performance was excused by the prior material breach by the Plaintiffs, including their breach of the Settlement Agreement dated February 8, 2007 and their breach of the agreement upon which Plaintiffs purport to bring suit.

## Fifth Defense

Plaintiffs' claims are barred by unclean hands and/or failure to do equity.

## Sixth Defense

Plaintiffs' injuries, if any, were not caused by Defendant but by persons or entities other than the Defendant.

## Seventh Defense

Plaintiffs' claims are barred by failure of consideration.

### Eighth Defense

Plaintiffs' damages, if any, should be reduced by the amount attributable to their failure to mitigate damages.

### Ninth Defense

Plaintiffs or some of them do not have standing to assert the claims they bring against Defendant.

### Tenth Defense

All or part of Plaintiffs' claims are barred by the statute of frauds.

### Eleventh Defense

Plaintiffs are liable to Defendant for damages that exceed in amount those damages claimed in the Complaint. Defendant may set off and/or recoup his damages against the damages, if any, to which Plaintiffs may be entitled under the Complaint.

### Twelfth Defense

To the extent Plaintiffs request reimbursement for attorneys' fees, no such attorneys fees are recoverable at common law, or under any applicable statute or contract between the parties.

### Thirteenth Defense

The agreement upon which Plaintiffs purport to sue was superseded, amended, waived and/or modified by the Settlement Agreement entered into as of February 8, 2007 by and between Office Depot, Inc. and W.B. Mason Company, Inc., and Plaintiffs are not entitled to maintain this action against Defendant because such action is barred by that Settlement Agreement and/or Plaintiffs have breached that Settlement Agreement.

### Fourteenth Defense

The agreements and restrictions Plaintiff seeks to enforce in this action are void, in whole or part, as against public policy.

### Fifteenth Defense

The claims Plaintiffs assert in this action are barred by the doctrine of accord and satisfaction.

### Sixteenth Defense

Plaintiffs' claims are barred by waiver and estoppel.

**WHEREFORE,** Defendant respectfully requests as follows:

(a) That Plaintiffs' <u>Complaint</u> be dismissed with prejudice and with costs to Defendant;

(b) That judgment in favor of Defendant be entered with respect to each count and claim asserted by Plaintiffs in the <u>Complaint</u>;

(c) That Defendant recover of Plaintiffs his costs and expenses, including attorneys' fees, incurred in defending against this <u>Complaint</u>; and

(d) That the Court grant Defendant such other and further relief as it deems appropriate and just.

### JURY DEMAND

Defendant demands a trial by jury on all claims and counts asserted in the <u>Complaint</u> and all defenses thereto.

## COUNTERCLAIM

Pursuant to Fed. R. Civ. Pro. Rules 7, 8, 13, 18, 19 and 20, Roger A. Post and W. B. Mason Company, Inc. (collectively the "Counterclaim Plaintiffs") hereby assert the following Counterclaim against Office Depot, Inc. and OCS Acquisition Corp. (collectively the "Counterclaim Defendants").

### Parties

1. Counterclaim Plaintiff Roger A. Post ("Post") is a citizen of New Jersey residing at 20 Georgetown Court, Basking Ridge, NJ 07920.

2. Counterclaim Plaintiff W.B. Mason Company, Inc. ("WB Mason") is a Massachusetts corporation with its principal place of business at 59 Centre Street in Brockton, Massachusetts. WB Mason is joined in this Counterclaim pursuant to Fed. R. Civ. Pro. 13(h), 19 and 20.

3. Counterclaim Defendant Office Depot, Inc. ("Office Depot") is a Delaware corporation with its principal place of business at 2200 Old Germantown Road, Delray Beach, FL 33445.

4. Counterclaim Defendant OCS Acquisition Corp. ("OCS") is, according to the allegations of the Complaint, also a Delaware corporation with its principal place of business at 2200 Old Germantown Road, Delray Beach, FL 33445. According to the allegations of the Complaint, the stock of OCS is owned by Office Depot and OCS is an agent of Office Depot.

### Allegations Applicable To All Counts

5. WB Mason was founded in 1898 and has been in the business of selling office supplies, furniture and office equipment since that date. Its present market area is

Massachusetts, Rhode Island, Connecticut, New Hampshire, Portland, Maine, Albany, N.Y., Westchester, N.Y. and Manhattan, and New Jersey.  WB Mason is privately-owned and has its headquarters in Brockton, Massachusetts.  WB Mason employs over 1000 people.

6.      WB Mason competes in certain areas with Office Depot.  Office Depot is a huge, international company. According to its web site, Office Depot has annual sales of $15 billion, operates in 42 countries and employs 52,000 people. In addition to its large business-to-business sales, Office Depot also has 1200 retail office supplies stores in North America alone.  In its business-to-business division, Office Depot has a very different approach to marketing than does WB Mason, one that is more concentrated on extremely large customers.

7.      On or about February 8, 2007, WB Mason and Office Depot entered into a "Settlement Agreement" in which they resolved several pending lawsuits.  A true and complete copy of this Settlement Agreement is attached as Exhibit A hereto.

8.      The pending lawsuits that were settled by the Settlement Agreement arose from WB Mason's hiring of several sales representatives and managers formerly employed by AOS Acquisition Corp., which did business under the name "Allied Office Supplies" (herein "Allied").  Allied, like WB Mason, was a smaller, privately-owned regional competitor in the office products business which sold primarily to other businesses.

9.      On May 16, 2006, Office Depot bought Allied and began the process of absorbing Allied and its personnel into Office Depot's operation.  Many of Allied's sales representatives and managers, however, preferred working for a smaller company (like WB Mason) and did not look forward to the changes that would necessarily come about as they were absorbed into a goliath like Office Depot.

10. Some of these Allied employees had signed noncompetition agreements with Allied which, on their face, purported to limit their ability to work for a competitor like WB Mason. Allied and WB Mason had in the past already engaged in litigation over these noncompetition agreements and, as a result of that prior litigation, had entered into a settlement agreement which provided a "protocol" for the two companies to handle disputes over Allied's noncompetes. Basically, WB Mason and Allied had agreed that, where WB Mason hired an Allied employee with a noncompete, WB Mason and Allied would work out a list of that employee's top 27 assigned customers and WB Mason would make sure that the employee stayed away from those 27 customers during the first six (6) months after his or her departure from Allied.

11. When Office Depot bought Allied, however, Office Depot did not comply with this agreement or "protocol" with respect to any former Allied employees WB Mason hired after the May 16, 2006 sale and, instead, brought suit against WB Mason, in New Jersey Federal Court, seeking to enforce certain noncompetition agreements that had been signed by the old Allied employees while they were employed by Allied.

12. After months of extensive negotiations, and the exchange of numerous drafts, WB Mason and Office Depot signed the Settlement Agreement attached hereto as Exhibit A, in which Office Depot agreed to a "protocol" similar to that in the WB Mason-Allied Agreement.

13. Under the WB Mason-Office Depot Settlement Agreement, when WB Mason hires someone who was an employee of Allied when Office Depot acquired the business of Allied, WB Mason shall, within three (3) business days thereafter, notify Office Depot by faxing a written "Notice of Hire" to Office Depot's counsel. (<u>Settlement Agreement</u> attached hereto as Exhibit A § II at page 2.) If the employee has provided WB Mason with a copy of his Allied

noncompete, WB Mason is required to include with the Notice Of Hire a copy of the noncompete. (*Id.* § III(A) at page 3.) Office Depot then must, within five (5) business days, either provide WB Mason with a copy of the employee's Allied noncompete and/or confirm that the noncompete submitted by WB Mason is the correct one. (*Id.*) If Office Depot does this, the employee becomes a "Covered Allied Employee" and the parties work out a Restricted Customer List that the employee is to stay away from for six (6) months from the date of his resignation. (*Id.*) If, on the other hand, Office Depot does not send WB Mason a noncompete that the employee signed with Allied (or does not confirm the one submitted by WB Mason), then the employee is free of any restrictions on his ability to call on Allied or Office Depot customers. (*Id.*)

14. The Settlement Agreement is explicit that all former Allied employees, hired by WB Mason after May 16, 2006, have the benefit of the provisions of the Settlement Agreement. They are therefore intended third-party beneficiaries of the Settlement Agreement.

15. Although the Settlement Agreement was not signed until February 8, 2007, the basic outlines of this protocol were agreed to and in place by November 2006. Since that time, WB Mason and Office Depot have processed more that seventy-five (75) new hires in accordance with this Settlement Agreement and the protocol established therein.

16. On or about December 31, 2006, Counterclaim Plaintiff Roger Post was terminated from his job with Allied (or the operating entity of Allied Office Supplies that remained after the May 2006 sale to Office Depot). Post had worked for Allied for several years and had been an employee of Allied at the time Office Depot bought Allied on May 16, 2006.

17. Thereafter, on or about January 19, 2007 (almost three (3) weeks before the Office Depot-WB Mason Settlement Agreement was signed), Office Depot sent Post a letter

stating that Office Depot had learned or believed that Post was going to work for WB Mason and enclosing a copy of the May 16, 2006 agreement attached to the Complaint. Office Depot did not send a copy of this letter to WB Mason or its counsel. Post did not respond to this letter and received no further communications from Office Depot.

18. On February 8, 2007, almost three (3) weeks after Office Depot sent this letter to Post, Office Depot executives signed the Settlement Agreement with WB Mason.

19. Thereafter, shortly before February 20, 2007, WB Mason hired Post. In accordance with the WB Mason-Office Depot Settlement Agreement, WB Mason sent a "Notice of Hire" to Office Depot with respect to Post on February 20, 2007, a true and complete copy of which is attached hereto as Exhibit B. Included with this Notice was the noncompetition agreement Post had signed with Allied on August 15, 2003 (*see* Exhibit B hereto).

20. Office Depot, however, did not respond as it was required to under the Settlement Agreement with WB Mason. Office Depot neither acknowledged Post's August 15, 2003 Allied noncompete nor did Office Depot send to WB Mason any other Allied noncompete signed by Post. Indeed, Office Depot did not respond to the Post Notice of Hire at all.

21. Accordingly, on March 9, 2007, Post's legal counsel wrote a letter to Office Depot stating that, because Office Depot had not responded to the Notice to Hire, according to the Settlement Agreement, Post "shall not be subject to any post-employment restrictive covenants enforceable by either Allied or Office Depot" except for certain non-disclosure obligations contained in the Settlement Agreement. A true and complete copy of this letter is attached as Exhibit C hereto.

22. In response to this March 9, 2007 letter from Post's counsel, Office Depot immediately filed its Complaint in this action, alleging that – despite the express terms of Office

Depot's Settlement Agreement with WB Mason – Post was preventing from working for WB Mason by another agreement he signed with Office Depot at the time of the Allied purchase.

23. In addition, since the February 20, 2007 Notice of Hire for Post sent by WB Mason, Office Depot has also failed and refused to provide WB Mason or its counsel with either the Customer List or a proposed Restricted Customer List (as defined in Section III (C) at pages 5-8 of the Settlement Agreement) for Post.

## COUNT I

### (Breach of Contract)

24. Counterclaim Plaintiffs incorporate by reference all the allegations of all the preceding paragraphs of this Counterclaim.

25. The Settlement Agreement dated February 8, 2007 is a valid, binding and enforceable contract containing valid, binding and enforceable contractual obligations between WB Mason and Office Depot.

26. Post is entitled to enforce the provisions of the Settlement Agreement, as a third-party beneficiary thereof and otherwise.

27. By its acts and omissions alleged above, including without limitation its filing and prosecution of this lawsuit, Office Depot has breached the Settlement Agreement and the covenant of good faith and fair dealing implied therein.

28. As a direct, proximate and foreseeable result of Office Depot's breach of the Settlement Agreement, both WB Mason and Post have suffered substantial damages.

29. Monetary damages, however, are inadequate and insufficient to remedy fully Office Depot's breach of the Settlement Agreement, and the Counterclaim Plaintiffs therefore have no adequate remedy at law.

30. Unless Office Depot and OCS are restrained from interfering with Post's work for WB Mason, WB Mason and Post will suffer irreparable harm.

## DEMAND FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs Post and WB Mason demand the following relief:

A. That the Court enter a preliminary and permanent injunction enjoining Office Depot and OCS from interfering in any manner with Post's work for WB Mason;

B. That the Court enter judgment for WB Mason against Office Depot and OCS, jointly and severally, in an amount equal to the damages suffered by WB Mason as a result of their breach of contract;

C. That the Court enter judgment for Post against Office Depot and OCS, jointly and severally, in an amount equal to the damages suffered by Post as a result of their breach of contract;

D. That the Court award Counterclaim Plaintiffs costs, interest, attorneys fees and such other and further relief as the Court deems appropriate and just.

## JURY DEMAND

Counterclaim Plaintiffs Post and WB Mason hereby demand a trial by jury on all claims and counts asserted in this Counterclaim and all defenses and counterclaims thereto.

Dated: May 25, 2007

                                **NIXON PEABODY LLP**

                                /s/ Matthew T. McLaughlin
                                By: Matthew T. McLaughlin (MM-7462)
                                100 Summer Street
                                Boston, MA 02110
                                Tel: (617) 345-1000
                                Fax: (617) 345-1300

                                *Attorneys for Defendant Roger Post and Counterclaim*
                                *Plaintiffs Roger Post and W.B. Mason Company, Inc.*

- 18 -

## CERTIFCATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Matthew T. McLaughlin