UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **OFFICE DEPOT, INC.,** and **OCS ACQUISITION CORP.,**<br><br>                             *Plaintiffs,*<br><br>–against–<br><br>**ROGER POST,**<br><br>                             *Defendant.*<br>**ROGER POST and W.B. MASON COMPANY, INC.,**<br><br>                             *Counterclaim Plaintiffs,*<br><br>–against–<br><br>**OFFICE DEPOT, INC.,** and **OCS ACQUISITION CORP.,**<br><br>                             *Counterclaim Defendants.* | 07 Civ. 2871<br>(DLC) |

**COUNTERCLAIM DEFENDANTS' ANSWER AND**
**AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

COME NOW Counterclaim Defendants Office Depot, Inc. ("Office Depot") and OCS Acquisition Corp. ("OCS") (collectively "Counterclaim Defendants") and set forth herein their Answer and Affirmative Defenses to the Counterclaim of Defendant and Counterclaim Plaintiff Roger Post and Counterclaim Plaintiff W.B. Mason Company, Inc. ("WB Mason").

**First Defense**

In response to the numbered paragraphs of the Counterclaim, Counterclaim Defendants respond as follows:

1.      Upon information and belief Counterclaim Defendants admit the allegations in Paragraph 1 of the Counterclaim.

2. Upon information and belief Counterclaim Defendants admit the allegations in the first sentence of Paragraph 2 of the Counterclaim. The second sentence of Paragraph 2 of the Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Counterclaim Defendants deny that WB Mason is properly joined hereto.

3. Counterclaim Defendants admit the allegations in Paragraph 3 of the Counterclaim.

4. The allegations in Paragraph 4 of the Counterclaim refer to the Complaint, which speaks for itself. Counterclaim Defendants deny any characterizations inconsistent with the Complaint.

5. Upon information and belief, Counterclaim Defendants admit that WB Mason is in the business of selling office supplies, is privately-owned, is headquartered in Brockton, Massachusetts, and does business in the places listed in Paragraph 5 of the Counterclaim. Counterclaim Defendants deny that WB Mason's present market is limited to the places listed in Paragraph 5 of the Counterclaim. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Counterclaim.

6. Counterclaim Defendants admit that WB Mason competes with Office Depot and that Office Depot is an international company. The allegations in the third and fourth sentences of Paragraph 6 of the Counterclaim refer to Office Depot's web site, which speaks for itself. Counterclaim Defendants deny any characterizations inconsistent with Office Depot's web site. Counterclaim Defendants lack knowledge or information sufficient to firm a belief as to the truth of the allegations in the last sentence of Paragraph 6 of the Counterclaim. Counterclaim Defendants deny the remaining allegations in Paragraph 6 of the Counterclaim.

       7.      Counterclaim Defendants admit that on or about February 8, 2007, Office Depot entered into a "Settlement Agreement" with WB Mason.  Office Depot admits that a true and correct copy of the Settlement Agreement (without the attached Releases) is attached to the Counterclaim as Exhibit A.  The Settlement Agreement sets forth the subject thereof and speaks for itself.  Counterclaim Defendants deny any characterizations inconsistent with the Settlement Agreement.

       8.      Counterclaim Defendants admit that the pending lawsuits which, in part, gave rise to the Settlement Agreement arose from WB Mason's hiring of sales representatives formerly employed by AOS Acquisition Corp. d/b/a Allied Office Supplies ("Allied") who became employed by Office Depot after Office Depot acquired the business of Allied.  Counterclaim Defendants deny the remaining allegations in Paragraph 8 of the Counterclaim.

       9.      Counterclaim Defendants admit that on or about May 16, 2006, Office Depot entered into a Stock Purchase Agreement by which it acquired the business of Allied.  Counterclaim Defendants deny the remaining allegations in Paragraph 9 of the Counterclaim.

       10.      Counterclaim Defendants admit that certain Allied employees had signed and were bound by employment agreements containing post-employment restrictive covenants.  The remaining allegations of Paragraph 10 of the Counterclaim refer to a document which speaks for itself.  Counterclaim Defendants deny any characterizations inconsistent with the document.

       11.      Counterclaim Defendants admit that after Office Depot acquired the business of Allied, and after WB Mason filed suit against Office Depot and Allied in New Jersey federal court, Office Depot asserted counterclaims against WB Mason for its employment of certain former Allied employees who became Office Depot employees after Office Depot acquired the business of Allied and who were subject to post-employment restrictive covenants.

Counterclaim Defendants admit that Office Depot did not follow (and was not required to follow) the protocol referenced in Paragraph 11 of the Counterclaim. The protocol was not binding on Office Depot, which was not a signatory thereto, and, as stated in the protocol and in correspondence from counsel for WB Mason dated February 14, 2003, participation in the protocol was subject to the "sole and absolute discretion" of the parties, and, as stated by Judge Thomas Olivieri of the Superior Court of New Jersey in a May 4, 2005 ruling, "the protocol is not something that Allied was bound to engage in, but rather was at their option." Counterclaim Defendants deny the remaining allegations in Paragraph 11 of the Counterclaim.

12. Counterclaim Defendants admit that on or around February 8, 2007, WB Mason and Office Depot signed the Settlement Agreement, a copy of which is attached as Exhibit A to the Counterclaim. Counterclaim Defendants admit that Office Depot and WB Mason negotiated the terms of the agreement and exchanged proposed drafts. The Settlement Agreement speaks for itself, and no response is required to the characterization of the Settlement Agreement in Paragraph 12 of the Counterclaim. Counterclaim Defendants deny the remaining allegations in Paragraph 12 of the Counterclaim.

13. The allegations in Paragraph 13 of the Counterclaim refer to a document that speaks for itself. Counterclaim Defendants deny any characterizations inconsistent with the document.

14. Counterclaim Defendants deny the allegations in Paragraph 14 of the Counterclaim.

15. Counterclaim Defendants admit that the parties voluntarily followed the proposed Settlement Agreement before it was signed with respect to certain former Allied employees who

became employed by Office Depot after Office Depot acquired the business of Allied. Counterclaim Defendants deny the remaining allegations in Paragraph 15 of the Counterclaim.

16. Counterclaim Defendants admit that Post was an owner and employee of Allied at the time Office Depot acquired the business of Allied. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Counterclaim.

17. Counterclaim Defendants admit that on our about January 19, 2007, Office Depot sent Post a letter advising Post of his obligations under the Post Agreement (as that term is defined in the Complaint) and asking that Post confirm whether he had become employed by or was working for WB Mason in violation of the Post Agreement. Counterclaim Defendants admit that Office Depot attached a copy of the Post Agreement to the letter for Post's reference. Counterclaim Defendants admit that Post did not respond to Office Depot's January 19, 2007 letter. Counterclaim Defendants admit that they did not send any additional correspondence to Post respecting this matter and that they did not send a copy of the letter to WB Mason or its counsel. Counterclaim Defendants deny the remaining allegations in Paragraph 17 of the Counterclaim.

18. Counterclaim Defendants admit that Office Depot signed the Settlement Agreement on or about February 8, 2007.

19. Counterclaim Defendants admit that WB Mason hired Post, but lack knowledge or information sufficient to determine when WB Mason hired Post. Counterclaim Defendants admit that a true and correct copy of the February 20, 2007 letter is attached as Exhibit B to the Counterclaim. Counterclaim Defendants admit that attached to the February 20, 2007 letter was

an agreement signed by Post and dated August 15, 2003.  Counterclaim Defendants deny the remaining allegations in Paragraph 19 of the Counterclaim.

20. Counterclaim Defendants deny that the Settlement Agreement required Office Depot to respond to the February 20, 2007 letter, deny that the Settlement Agreement applies to the Post Agreement, and deny the remaining allegations in Paragraph 20 of the Counterclaim.

21. Counterclaim Defendants admit that Exhibit C to the Counterclaim reflects a true and correct copy of a March 9, 2007 letter from Post's counsel to Office Depot.  The remaining allegations contained in Paragraph 21 of the Counterclaim refer to a document that speaks for itself.  Counterclaim Defendants deny any characterizations inconsistent with the document.

22. Counterclaim Defendants admit that they filed suit against Post on March 12, 2007, alleging that Post had breached the Post Agreement by going to work for WB Mason, just months after receiving nearly $1 million from Office Depot.  Counterclaim Defendants deny the remaining allegations in Paragraph 22.

23. Counterclaim Defendants admit that they have not provided WB Mason or its counsel a Customer List or a proposed Restricted Customer List, as those terms are defined in the Settlement Agreement, with respect to Post.  The Settlement Agreement does not apply to the Post Agreement, which Counterclaim Defendants seek to enforce here.  Counterclaim Defendants deny the remaining allegations in Paragraph 23.

## COUNT I

### (Breach of Contract)

24. Counterclaim Defendants incorporate by reference their responses to the preceding paragraphs of this Answer and Affirmative Defenses.

25. Counterclaim Defendants deny that the Settlement Agreement applies to the Post Agreement and deny that it governs Counterclaim Defendants' claims against Post or Counterclaim Plaintiffs' claims against Counterclaim Defendants. Otherwise, Paragraph 25 of the Counterclaim calls for a legal conclusion to which no response is required.

26. Counterclaim Defendants deny the allegations in Paragraph 26 of the Counterclaim.

27. Counterclaim Defendants deny the allegations in Paragraph 27 of the Counterclaim.

28. Counterclaim Defendants deny the allegations in Paragraph 28 of the Counterclaim.

29. Counterclaim Defendants deny the allegations in Paragraph 29 of the Counterclaim.

30. Counterclaim Defendants deny the allegations in Paragraph 30 of the Counterclaim.

WHEREFORE, Counterclaim Defendants deny that Counterclaim Plaintiffs are entitled to the relief requested in their Counterclaim, including the relief requested in their DEMAND FOR RELIEF following paragraph 30 of the Counterclaim and paragraphs A-D that follow it. Counterclaim Defendants hereby deny any and all allegations of the Counterclaim not expressly admitted herein.

## Second Defense

The Counterclaim fails to state a claim for which relief may be granted.

## Third Defense

Counterclaim Plaintiff Post is not a party to the Settlement Agreement and may

not invoke its provisions.

### Fourth Defense

Counterclaim Plaintiff Post is governed by the Post Agreement.

### Fifth Defense

Counterclaim Plaintiffs' claims are foreclosed in whole or in part by the statute of frauds.

### Sixth Defense

Counterclaim Plaintiffs' claims are barred by a lack of consideration.

### Seventh Defense

Counterclaim Plaintiffs' claims are barred by unclean hands.

### Eighth Defense

Counterclaim Plaintiffs' claims are barred by waiver and estoppel.

### Ninth Defense

Counterclaim Plaintiffs' alleged damages claim were not caused by Counterclaim Defendants but by other persons or entities.

### Tenth Defense

Counterclaim Plaintiff Post is liable to Counterclaim Defendants for damages in excess of those he claims. Counterclaim Defendants may set off and/or recoup their damages against the damages, if any, to which Counterclaim Plaintiff Post claims entitlement.

### Eleventh Defense

Counterclaim Plaintiffs are not entitled to attorney's fees.

**WHEREFORE**, Counterclaim Defendants respectfully request as follows:

a. That the Counterclaim be dismissed with prejudice.

b. That judgment be entered in favor of Counterclaim Defendants with respect to each claim asserted by Counterclaim Plaintiffs.

c. That Counterclaim Defendants be awarded all costs and attorney's fees incurred in this action, including interest to the extent permitted under the law.

d. That the Court grant Counterclaim Defendants all other and further relief as this Court deems just, equitable, and proper.

## JURY DEMAND

Counterclaim Defendants demand a jury trial on all claims and counts asserted in the Counterclaim and all defenses thereto.

Respectfully submitted,

**HODGSON RUSS LLP**

By: s/S. Robert Schrager
S. Robert Schrager (RS-0952)
60 East 42nd Street
New York, New York 10165
Tel.: (212) 661-3535
Fax: (212) 972-1677

Williams & Connolly LLP
John E. Joiner (pro hac vice)
Luba Shur (pro hac vice)
725 12th Street, N.W.
Washington, DC 20005
Tel.: (202) 434-5000
Fax: (202) 434-5029

*Attorneys for Plaintiffs Office Depot, Inc. and OCS Acquisition Corp.*

Dated: June 13, 2007